```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

GREGORY LINGO                   :        CIVIL ACTION
                                :
         v.                     :
                                :
NVR, INC., et al.               :        NO. 07-cv-03892-JF


MEMORANDUM AND ORDER

Fullam, Sr. J.                                      February 21, 2008

Plaintiff, Gregory Lingo, was employed by the defendant NVR, Inc. from 1994 until April 12, 2007. In the course of his employment, the parties entered into a series of stock-option agreements containing non-competition provisions. Plaintiff has brought this action challenging the validity of those provisions, and now seeks a preliminary injunction to prevent the defendant from attempting to enforce them. A hearing on plaintiff's motion was held on January 31, 2008.

In opposing the motion, the defendants contend that plaintiff cannot show a likelihood of success on the merits, and that, since plaintiff has been able to obtain employment in the interim, he cannot show the likelihood of immediate harm if the injunction ruling is deferred until final hearing. Defendants also contend that plaintiff has already reaped significant financial benefits from the disputed stock-option agreements, hence equitable considerations favor the defendants.

The parties agree that the case is to be decided in accordance with the law of the Commonwealth of Virginia (the

agreements so provide).  It is clear that, under Virginia law, non-compete agreements are not favored, and that, as a general rule, if a court finds that the agreement is ambiguous or over-broad, the agreement will not be enforced at all.  That is, the court is not permitted to "re-write" the agreement so as to make it palatable.

The agreements in question, Exhibits B, C, D and E, all provide that the employee:

> "(i) agrees to maintain the confidentiality of any and all information concerning NVR and its affiliates, whether with respect to its business, operations, finances, employees or otherwise during the period of his or her employment an for three (3) years after the termination of such employment, and (ii) agrees that, upon termination of employment, and during the one (1) year period following termination, he or she will not compete with NVR or with any of its affiliates, directly or indirectly, in any phase of the residential homebuilding business or mortgage financing business or settlement services business at any location within any Standard Metropolitan Statistical Area (as determined by the Census Bureau, Department of Commerce, United States Government) in which [plaintiff] has had managerial responsibility for any office or affiliate of NVR within the two-year period prior to the [plaintiff's] termination of employment and (iii) agrees that he or she will not hire or solicit for hiring, directly or indirectly, any person now or hereafter employed by NVR or any affiliate of NVR within the Standard Metropolitan Statistical Area(s) over which he or she holds managerial responsibilities for two (2) years after termination of employment and (iv) agrees that he or she will not utilize the services of or attempt to acquire real property, goods or services

> from any developer, supplier or subcontractor now or hereinafter utilized by NVR or any affiliate of NVR for two (2) years after termination of employment or (v) agrees not to make or retain copies of any documents, forms, blueprints, designs, policies, memoranda or other written information developed by NVR or any affiliate of NVR now or hereinafter produced and/or circulated by NVR and further agrees not to copy, transfer or otherwise retain any electronic data (including information stored on a hard drive or disk), software (including proprietary software), computer data bases or other non-print information produced, designed, owned, copyrighted or utilized by NVR."

A District Court in Ohio has recently had occasion to construe these same provisions in litigation brought by another former employee of NVR, and has granted a temporary restraining order enjoining their enforcement. The Ohio Court found, among other things, that the agreements are hopelessly ambiguous, hence over-broad, in defining the geographical areas where plaintiff was restricted from competing; and that plaintiff had established a strong likelihood of ultimately showing that the restrictions were over-broad in that they prevented him from obtaining employment unrelated to his earlier work for NVR. See Donald Brenneman v. NVR, Inc., 2007 WL 490166 (S.D. Ohio, Feb. 9, 2007).

I readily agree with the Ohio Court's analysis. Defendant attempts to distinguish that case because the Brenneman plaintiff produced evidence that the defendant had actually persuaded a successor employer to discharge plaintiff so as not to violate the non-compete clause, and, moreover, it appeared

3

that Mr. Brenneman had been fired by NVR before his stock options actually vested.  In the present case, plaintiff apparently did exercise some of his stock options, to his financial benefit, and there is no direct evidence that the defendant has yet threatened any prospective employer with legal action.  Plaintiff does, however, plausibly contend that his efforts to obtain substitute employment are negatively affected by the possibility of adverse action by NVR.

In addition to the undoubted ambiguity concerning the geographical area covered by the non-compete clause, I note that the agreement is, at best, ambiguous, and in my view, actually over-broad, in its definition of the kinds of employment which plaintiff is restricted from seeking.  The agreement purports to apply, not only to persons and firms in actual or potential competition with NVR, but also any firm which has dealt, or may in the future deal, with NVR.

I conclude that plaintiff has shown a strong likelihood of success on the merits, and that the other pertinent factors (immediate irreparable harm, balancing of equities, public policy, etc.) also favor injunctive relief.

An Order follows.

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| GREGORY LINGO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NVR, INC., et al. | : | NO. 07-cv-03892-JF |

<u>ORDER</u>

AND NOW, this 21st day of February 2008, upon consideration of plaintiff's Motion for Preliminary Injunction, and defendant's response, and after a hearing, IT IS ORDERED:

    1.   Defendant NVR, Inc. and all those acting in concert with it are hereby ENJOINED and RESTRAINED from threatening or seeking enforcement of the restrictive covenants found in paragraph 8(ii) of the NVR stock option agreements dated March 1, 2001, May 3, 2001, June 1, 2005, and May 26, 2005 (Exhibits A, B, C and D).

    2.   The injunctive relief set forth in the preceding paragraph is conditioned upon plaintiff's posting a bond in the sum of $10,000, within 10 days.

    3.   This Order shall remain in full force and effect until further order of this Court.

                                           BY THE COURT:

                                           /s/ John P. Fullam
                                           John P. Fullam, Sr. J.